United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

LAKIBA TAYLOR, et al.,

   Plaintiffs,

  v.

NEWREZ, LLC, et al.,

   Defendants.

Case No.  25-cv-10761-BLF

**ORDER GRANTING MOTION TO DISMISS COMPLAINT WITH LEAVE TO AMEND**

[Re:  ECF 5]

This action arises from Defendants' allegedly wrongful foreclosure on and trustee's sale of real property located in San Jose, California.  *See* Notice of Removal Ex. 1 ("Compl."), ECF 1-1.  Plaintiffs Lakiba Taylor, Richard Taylor III, and Michael Woods claim that they took ownership of the property as successors in interest to their deceased parents, subject to a mortgage loan obtained by their parents.  *See* Compl. ¶¶ 1-4.  Plaintiffs assert that the property was unlawfully sold out from under them by the loan servicer, Defendant Newrez, LLC dba Shellpoint Mortgage Servicing ("Shellpoint"), and the trustee of a loan trust claiming a beneficial interest in the property, U.S. Bank National Association ("U.S. Bank").  *See id*. ¶¶ 2-3, 9-11.

Before the Court is Defendants' motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), which was set for an in-person hearing on May 21, 2026.  At 9:03 p.m. the night before the hearing, Plaintiffs' counsel sent court staff an email stating that he was "unable" to attend in-person because he is located in Southern California.  Court staff scrambled to make last-minute arrangements for a hybrid hearing at which Plaintiffs' counsel appeared remotely and Defendants' counsel appeared in-person.  For the reasons stated on the record and discussed below, the motion to dismiss is GRANTED WITH LEAVE TO AMEND.

Before turning to discussion of Defendants' motion, the Court addresses the unacceptable conduct of Plaintiffs' counsel in failing to appear in-person as ordered by the Court. The notion that counsel's location in Southern California excuses his in-person appearance at proceedings before this Court is ludicrous. If the distance between the office of Plaintiffs' counsel and this courthouse poses a barrier to his effective representation of his clients, Plaintiffs' counsel may wish to reconsider whether to file future lawsuits in Northern California. The Court notes that Plaintiffs' counsel represents several other plaintiffs in suits pending in this district, including one before the undersigned.

## I.    BACKGROUND[1]

Plaintiffs' parents obtained a mortgage loan on the subject property from non-party Bank of America, N.A. in the amount of $137,500, secured by a deed of trust. *See* Compl. ¶ 1. Subsequently, the deed of trust was assigned several times, ultimately to Defendant U.S. Bank as trustee for BP-JR1 Loan Trust. *See id*. ¶¶ 7-8, 13.

Plaintiffs' father died in 2018 and their mother died in 2020. *See* Compl. ¶¶ 2-3. Plaintiffs advised the loan servicer, Defendant Shellpoint, that they were the successors in interest to the property and wished to assume the mortgage loan. *See id*. ¶¶ 4-6. Plaintiffs "sent in" death certificates for both parents and a quit claim deed, presumably to Shellpoint. *See id*. ¶ 6.

There is no indication in the complaint that Plaintiffs sent Shellpoint any documentation of ownership beyond their parents' death certificates and a quit claim deed. *See* Compl. ¶¶ 1-18. Nor does the complaint suggest that Plaintiffs made any payments on the mortgage loan. *See id*. A Notice of Default and Election to Sell Under a Deed of Trust ("Notice of Default") was recorded on April 11, 2024. *See id*. ¶ 9. A Notice of Trustee's Sale was recorded on April 1, 2025. *See id*. ¶ 11. Plaintiffs submitted an application for loan modification to Shellpoint in June 2025. *See id*. ¶ 12. The complaint does not allege what became of that application. The property was sold on September 10, 2025. *See id*. ¶ 11.

---

[1] This section is drawn from the allegations of the complaint, which are accepted as true for purposes of the Rule 12(b)(6) motion. *See Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023).

United States District Court
Northern District of California

Plaintiffs claim that Defendants acted unlawfully by foreclosing on and selling the property without providing Plaintiffs with notice or alternatives to foreclosure.  Plaintiffs filed this action in the Santa Clara County Superior Court on November 12, 2025, asserting the following claims under federal and state law:  (1) failure to notify homeowner of notice of default in violation of Cal. Civ. Code § 2923.5; (2) failure to provide homeowner with foreclosure alternatives in violation of Cal. Civ. Code § 2924.9; (3) violation of the Truth In Lending Act ("TILA"), 12 C.F.R. § 1024.35; (4) violation of TILA, 12 C.F.R. § 1024.38; (5) wrongful foreclosure; and (6) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200 et seq.  *See* Compl. ¶¶ 19-69.  Plaintiffs seek damages, civil penalties, and equitable relief including an injunction prohibiting foreclosure, rescission of the loan, and disgorgement of profits.  *See* Compl. Prayer.

Defendants Shellpoint and U.S. Bank removed the action to federal district court on the bases of both federal question jurisdiction and diversity jurisdiction.  *See* Notice of Removal, ECF 1.  Defendants now seek dismissal of the complaint under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

## II.   LEGAL STANDARD

Dismissal of a complaint is appropriate under Federal Rule of Civil Procedure 12(b)(6) "if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim." *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023).  The court must "take all allegations of fact as true and construe them in the light most favorable to the nonmoving party." *Id*.  The court may consider the complaint in its entirety, documents incorporated into the complaint by reference, and matters that are subject to judicial notice.  *See Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016).

## III.   DISCUSSION

As stated at the hearing, Plaintiffs' complaint is deficient for all of the reasons articulated in Defendants' motion to dismiss.  Because it is not clear that amendment would be futile, the Court will grant Defendants' motion to dismiss with leave to amend.  The Court highlights the most obvious inadequacies in the pleading as follows, to assist Plaintiffs in amending their claims.

United States District Court
Northern District of California

First, Plaintiffs have not alleged facts adequate to support their conclusory allegation that they took ownership of the property as successors in interest to their deceased parents.  Plaintiffs allege the death of their parents and the existence of a quit claim deed.  *See* Compl. ¶¶ 2-3, 6.  As Defendants point out, however, Plaintiffs do not allege that they were the only proper heirs at law, that any testamentary documents establish their ownership of the property, or that any probate court has adjudicated such ownership.  Because all of Plaintiffs' claims hinge on their ownership of the property, the complaint is subject to dismissal in its entirety based on that pleading defect.

Second, Plaintiffs have not alleged facts sufficient to support their conclusory allegation that Defendants failed to comply with statutory notice obligations before filing the Notice of Default and conducting the trustee's sale.  The Court GRANTS Defendants' request for judicial notice of eight documents recorded in the Santa Clara County Recorder's Office, including a Notice of Default recorded April 11, 2024.  *See Sepehry-Fard v. Nationstar Mortg. LLC*, No. 14-CV-03218-LHK, 2015 WL 332202, at *5 (N.D. Cal. Jan. 26, 2015) ("[D]ocuments filed with the Santa Clara County Recorder's Office [are] the type of documents of which courts routinely take judicial notice.").  The Notice of Default includes a Declaration of Compliance stating that the mortgage servicer complied with state laws governing notice.  *See* Defs.' RJN No. 6, ECF 6.  Defendants argue that the Declaration of Compliance conclusively establishes Defendants' compliance with statutory notice obligations, relying on *Cabanilla v. Wachovia Mortg.*, No. SACV 12-00228-CJC(JPRx), 2012 WL 13020028, at *4 (C.D. Cal. Mar. 20, 2012).  This Court declines to follow *Cabanilla* on that point and instead follows other cases holding that a Declaration of Compliance "cannot conclusively establish" the defendant's compliance with statutory notice requirements, but that the plaintiff "must allege more than a bald assertion that the declaration was false." *Smith v. Ditech Fin. LLC*, No. EDCV 18-01411 JGB (SHKx), 2018 WL 6431406, at *5 (C.D. Cal. Aug. 27, 2018).  Plaintiffs in the present case have not alleged facts refuting the Declaration of Compliance attached to the Notice of Default.

Third, Plaintiffs seek equitable relief under California's UCL that appears to be unavailable.  For example, Plaintiffs seek injunctive relief to prevent further foreclosure proceedings while simultaneously alleging that the property has been sold.  Given that the

United States District Court
Northern District of California

property has been sold, it appears that this case now is about money damages.  Plaintiffs must allege facts showing that they lack an adequate remedy at law in order to pursue equitable relief under the UCL.  *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (A plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL[.]").

Accordingly, Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND.

## IV.   ORDER

(1)   Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND.

(2)   Any amended complaint shall be filed within 14 days, by June 11, 2026.

(3)   This order terminates ECF 5.

Dated:  May 28, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

5